BENJAMIN B. WAGNER
United States Attorney
DEBORAH LEE STACHEL, CSBN 230138
Acting Regional Chief Counsel, Region IX
Social Security Administration
DONNA W. ANDERSON, PSBN 46355
Special Assistant United States Attorney
Assistant Regional Counsel
  Social Security Administration, Region IX
  160 Spear Street, Suite 800
  San Francisco, California 94105
Tel: (415) 977-8943
Fax: (415) 744-0134
E-mail: donna.w.anderson@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| DORRANCE BYRD, | No. 2:14-cv-02036-EFB (TEMP) |
|---|---|
| Plaintiff, | STIPULATION AND ORDER FOR THE AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) 28 U.S.C. § 2412(d) |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

The Parties through their undersigned counsel, subject to the Court's approval, stipulate that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of TWO THOUSAND DOLLARS, SEVEN HUNDRED FIFTY-ONE DOLLARS AND NINETY-THREE CENTS ($2,751.93). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

/////

/////

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of TWO THOUSAND DOLLARS, SEVEN HUNDRED FIFTY-ONE DOLLARS AND NINETY-THREE CENTS ($2,751.93) in EAJA attorney fees shall constitute a complete release from, and bar to, any and all claims that Plaintiff Dorrance Byrd and Plaintiff's attorney, Jesse Kaplan, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provision of the EAJA.

Respectfully submitted,

Dated: December 15, 2015   /s/ Jesse Kaplan*  
JESSE KAPLAN  
Attorney for Plaintiff Dorrance Byrd  
*By email authorization on 12/11/15

/////

/////

/////

1
2  Dated: December 15, 2015                BENJAMIN B. WAGNER
                                           United States Attorney
3                                          DEBORAH LEE STACHEL
                                           Acting Regional Chief Counsel, Region IX
4                                          Social Security Administration

5                                    By:   _/s/ Donna W. Anderson_
                                           DONNA W. ANDERSON
6                                          Special Assistant U.S. Attorney
7                                          Attorneys for Defendant

8                                    CONCLUSION
9
     Pursuant to the parties' stipulation, IT IS SO ORDERED.
10
11  Dated:  December 29, 2015.         _____
12                                     EDMUND F. BRENNAN
                                       UNITED STATES MAGISTRATE JUDGE
13

-3-